UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 7:17-cv-30 |
| MICHAEL G. LALLIER, RLC, LLC, d/b/a REED LALLIER CHEVROLET, MGL, INC., GRJ, INC., GENE REED, JR., AND JOHN QUINN, | ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, Universal Underwriters' Insurance Company (hereinafter "Plaintiff") by and through counsel, and pursuant to Rule 57 of the Federal Rules of Civil Procedure, and hereby shows unto the Court, as follows:

## PARTIES AND JURISDICTION

I.

The Plaintiff, Universal Underwriters Insurance Company (hereinafter referred to as "Plaintiff") is a foreign corporation organized under the Laws of a State other than North Carolina with a principal place of business in a state other than North Carolina.

II.

Defendant Michael G. Lallier, (hereinafter referred to as "Lallier") is a citizen and resident of Cumberland County, North Carolina.

III.

Defendant RLC, LLC, d/b/a Reed Lallier Chevrolet (hereinafter referred to as "Reed Lallier Chevrolet") is a limited liability company organized under the Laws of North Carolina.

IV.

Defendants GRJ, Inc. and MGL, Inc. (hereinafter referred to as "GRJ" and "MGL", respectively) are corporations organized under the Laws of North Carolina.

V.

Upon information and belief, Defendant John Quinn (hereinafter referred to as "Quinn") is a citizen and resident of Cumberland County, North Carolina.

VI.

Upon information and belief, Defendant Gene Reed, Jr. (hereinafter referred to as "Reed") is a citizen and resident of South Carolina.

VII.

This action is brought under the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et. seq, and Rule 57 of the Federal Rules of Civil Procedure; there is a real and justiciable controversy between the parties, and by these proceedings Plaintiff asks this Court to inquire into and declare the rights and obligations of the parties hereto arising out of the facts set forth below.

VIII.

The amount in controversy exceeds Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interests and costs, and there is complete diversity of citizenship; therefore, this Court has jurisdiction to hear this matter under 28 U.S.C § 1332.

# FACTS

## IX.

The Plaintiff hereby incorporates by reference the allegations contained in paragraphs one through eight of the Complaint with like effect as if herein fully set forth.

## X.

MGL is owned entirely by Michael G. Lallier and MGL is a 49% owner of Reed Lallier Chevrolet. GRJ is owned entirely by Gene Reed, Jr. and is a holding company that owns the remaining 51% of Reed Lallier Chevrolet. At all times relevant hereto, Michael G. Lallier had exclusive legal and factual control over MGL and Gene Reed, Jr. had exclusive legal and factual control of GRJ.

## XI.

Reed Lallier Chevrolet is an automobile dealership doing business in the State of North Carolina. At all times relevant hereto, Michael G. Lallier and Gene Reed, Jr. had joint legal and factual control over the dealership's operations.

## XII.

Defendant John Quinn initiated a civil action, in the General Court of Justice, Superior Court Division of Cumberland County titled <u>John Doe v. RLC, LLC, d/b/a Reed Lallier Chevrolet, Michael G. Lallier, MGL, Inc., Gene Reed, Jr., and GRJ, Inc.</u>, 17 CVS 841 (hereinafter "Liability Action"), seeking monetary damages for the following causes of action:

1) Wrongful Termination;

2) Violation of Article I, Section 14 of the N.C. Constitution;

3) Abuse of Process;

4) Obstruction of Justice;

5) Unfair and Deceptive Trade Practices;

6) Negligent Hiring and Retention;

7) Civil Conspiracy;

8) Vicarious Liability;

9) Punitive Damages; and

10) Declaratory Judgment.

These causes of action seek monetary damages for injuries allegedly incurred by Defendant John Quinn as a result of a series of actions that began on or about September 3, 2016, through December 29, 2016. Attached hereto as Exhibit A is a file copy of the Complaint incorporated herein by reference with like effect as if herein fully set forth.

## POLICY INFORMATION – COVERAGE

XIII.

At the time of the incident referred to in the underlying Complaint, Defendants Lallier, Reed, and Reed Lallier Chevrolet were named insureds on a policy of insurance issued to Reed Lallier Chevrolet and Yadkin Road Auto Partners, LLC d/b/a Raeford Road Auto Mart by Universal Underwriters Insurance Company (hereinafter referred to as "Policy"). The Policy included coverage for garage operations. The Policy has been identified as a potential source of liability coverage in the underlying tort action. Attached hereto is an accurate copy of the relevant Policy sections as Exhibit B and incorporated herein by reference with like effect as if herein fully set forth.

## FIRST CAUSE FOR EXCLUSION OF COVERAGE – NO OCCURRENCE

XIV.

Plaintiff repeats realleges and incorporates herein by reference the allegations contained

in paragraphs one through thirteen of the Complaint with like effect as if fully set forth herein.

XV.

The Policy provides the following insuring agreement under Garage Coverage Part 500:

**Insuring Agreement**

A. Injury and Covered Pollution Damages

WE will pay those sums the INSURED legally must pay as DAMAGES because of INJURY to which this insurance applies (including ELECTRONIC ACTIVITIES), caused by an OCCURRENCE arising out of YOUR GARAGE OPERATIONS or AUTO HAZARD.

XVI.

The Policy provides the following definition of occurrence:

W. "OCCURRENCE" means:

1. with respect to COVERED POLLUTION DAMAGES and INJURY Groups 1 and 2, an accident, including continuous or repeated exposure to conditions which result in such INJURY or COVERED POLLUTION DAMAGES neither intended nor expected from the standpoint of a reasonably prudent person;

XVII.

The actions and facts outlined in the Liability Complaint are not an occurrence under the policy. Because the alleged facts in the Liability Complaint are not an occurrence under the policy, there is no duty to defend or indemnify the Defendants in the Liability Action.

**SECOND CAUSE FOR EXCLUSION OF COVERAGE – DISHONEST ACT EXCLUSION**

XVIII.

Plaintiff repeats realleges and incorporates herein by reference the allegations contained in paragraphs one through seventeen of the Complaint with like effect as if fully set forth herein.

XIX.

The Policy provides the following exclusion:

**Exclusions**

This insurance does not apply to:

A. Dishonest Acts

an OCCURRENCE, SUIT or claim arising out of any dishonest, fraudulent or criminal acts committed by any INSURED.

However, with respect to INJURY Group 6., this exclusion does not apply to YOU if such act was committed by YOUR employee (other than a partner, director, or executive officer) without YOUR direction or YOUR knowledge.

XX.

The actions and facts outlined in the Liability Complaint are excluded under the Policy as a dishonest act. Because the alleged facts in the Liability Complaint are excluded under the Policy, there is no duty to defend or indemnify the Defendants in the Liability Action.

### THIRD CAUSE OF ACTION FOR EXCLUSION OF COVERAGE – INTENT TO CAUSE HARM EXCLUSION

XXI.

Plaintiff repeats realleges and incorporates herein by reference the allegations contained in paragraphs one through twenty of the Complaint with like effect as if fully set forth herein.

XXII.

The Policy provides the following exclusion:

B. Intent to Cause Harm

> any act committed by or at the direction of the INSURED with intent to cause harm. This exclusion does not apply if INJURY arises solely from the intentional use of reasonable force for the purpose of protecting persons or property.

XXIII.

The actions and facts outlined in the Liability Complaint are excluded under the Policy as an intentional act. Because the alleged facts in the Liability Complaint are excluded under the Policy, there is no duty to defend or indemnify the Defendants in the Liability Action.

## **CONCLUSIONS**

XXIV.

Based on the foregoing, the Plaintiff is not obligated to defend Defendants under the Policy, provide indemnification to Defendants, or make payments under the policy to Defendant John Quinn for the claims asserted in the underlying tort action referenced in Exhibit A and is not further required to defend or otherwise indemnify any of the Defendants referenced in the underlying tort action in Exhibit A.

XXV.

Upon information and belief, a genuine and justiciable controversy exists between the Plaintiff and the Defendants as to whether or not the Plaintiff has an obligation to provide liability insurance coverage for all personal injury claims being asserted in the underlying tort action attached hereto as Exhibit A.

XXVI.

The Plaintiff seeks judicial determination as to whether or not the policy provides coverage (i.e. duty to defend or indemnify) or whether the Plaintiff is required to provide a defense to one or more of the Defendants in the underlying tort action referenced in Exhibit A with regard to any of the claims asserted in said action.

WHEREFORE, the Plaintiff prays for the following relief:

1. That, pursuant to Federal Declaratory Judgment Act, 28 U.S. C. § 2201 et. seq. and Rule 57 of the Federal Rules Civil Procedure, that the Court make a determination concerning the respective rights, duties, responsibilities, obligations, interest of the Plaintiff and Defendants pursuant to the policy in question. Specifically, the Plaintiff requests that the Court determine that the Plaintiff has no obligation to provide any of the Defendants referenced in Exhibit A any liability insurance coverage, (i.e. duty to defend and/or duty to indemnify) with regards to any of the claims asserted in the underlying tort action; and
2. That the costs of this action be taxed against the Defendants;
3. For a trial by jury on all issues so triable herein; and
4. That the Plaintiff have and recover such other and further relief as the Court may deem just and proper.

This the 16th day of February, 2017.

/s/Mallory G. Horne
Mallory G. Horne,
N.C. State Bar No. 47814
mgh@trslaw.com
*Attorney for Plaintiff*

/s/Kenneth B. Rotenstreich
Kenneth B. Rotenstreich,
N.C. State Bar No. 14293
kbr@trslaw.com
*Attorney for Plaintiff*

/s/Camilla F. DeBoard
Camilla F. DeBoard,
N.C. State Bar No. 41265
cfd@trslaw.com
*Attorney for Plaintiff*

OF COUNSEL:

Teague Rotenstreich Stanaland Fox & Holt, P.L.L.C.
Attorneys and Counselors at Law
101 South Elm Street, Suite 350
Post Office Box 1898
Greensboro, North Carolina 27401
Telephone: (336) 272-4810
Facsimile: (336) 272-2448