IN THE UNITED STATES DISTRICT COURT
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL G. LALLIER, RLC, LLC, d/b/a REED LALLIER CHEVROLET, MGL, INC., GRJ, INC., and GENE REED, JR., <br><br> Defendants. | ) ) ) ) ) ) ) ) Case No. 7:17-cv-30 ) ) ) ) ) ) |

**DECLARATION OF L. D. SIMMONS**

# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

UNIVERSAL UNDERWRITERS )
INSURANCE COMPANY, )
                                           )
     Plaintiff, )
                                           )
v. )
                                           )  Case No. 7:17-cv-30
MICHAEL G. LALLIER, RLC, LLC, d/b/a )
REED LALLIER CHEVROLET, MGL, INC., )
GRJ, INC., GENE REED, JR., )
AND JOHN QUINN, )
                                           )
     Defendants. )

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT MGL, INC.**

**DEFINITIONS**

For the purposes of the below request to produce, the definitions of the terms contained in the request to produce are as follows:

1. Whenever the term "John Quinn Action" is used, this is to describe the action entitled *John Doe v. RLC, LLC., et. al,* 17 CVS 841, any claims contained in the pleadings or subsequent filings to the Court.

2. Whenever the term "you" or "yourself" or "Defendant" or "Defendants" is used herein, it means Michael Lallier, RLC, LLC, MGL, Inc., GRJ, Inc., Gene Reed Jr., and all of their agents, attorneys, employees, and representatives.

3. Whenever the term "document" is used herein, it includes, but is not limited to, writings, charts, graphs, photographs, drawings, x-rays, computer records and any other date compilations from which information can be obtained and translated into usable form.

4. Whenever the term "communication" is used herein, it means the act of communicating and includes, without limitation, oral or written statements, tape recordings, the delivery of any document by one entity to another, gestures, signs, signals, and any other process by which information is exchanged or ideas expressed.

5. Whenever the term "identify," "identity," or "identification" is used with respect to a person, it means to provide such person's full name, present or last known home and business address, present or last known home and business telephone numbers, occupation, job title and current position, if any, with Plaintiff.

6. Whenever the term "identify," "identity," or "identification" is used with respect to a document, it means to describe its subject matter, furnish its title and date, identify its authors, identify each person to whom the document was distributed, identify each custodian of the document, and state its present location.

7. Whenever the term "identify," "identity," or "identification" is used with respect to a communication, it means to state the date and time of the communication, identify each person who witnessed, overheard, or was a party to, the communication, state the precise location of each person at the time of the communication, state the content of the communication, and to identify any documents, including tape recordings, that relate to the communication.

8. If a requested document was, but is no longer in your possession or subject to your control, state what disposition was made of the document, and identify the person or entity currently possessing the document.

9. If you claim a privilege in any requested document, please identify the document to which the privilege is claimed, the privilege claimed (together with such facts as will enable a Court to rule on the merits of the claim of privilege), and produce any portion of the document which is not privileged.

10. These interrogatories and requests for production shall be deemed continuing and call for supplementary responses in the event new or additional information or documents are acquired.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MGL, INC.

COMES NOW the Plaintiff, by and through counsel and pursuant to the provisions of Rules 26 and 34 of the Federal Rules of Civil Procedure, and hereby requests that within 33 days from the date of the service of this discovery pleading that Defendant **MGL, INC.,** and its attorneys produce in the offices of the law firm of Teague Rotenstreich Stanaland Fox & Holt, P.L.L.C., Attorneys and Counselors at Law, Suite 350, 101 S. Elm Street, Greensboro, North Carolina, Attorneys for Defendant **MGL, INC.,** each of the below-listed documents in his possession, custody or control for the purpose of permitting Defendant **MGL, INC.,** their attorneys or someone acting on their behalf to inspect and copy said documents:

1. Produce copies of all documents relied upon in answering Plaintiff's First Set of Interrogatories.

    **RESPONSE:**

2. Produce a copy of the personnel file for John Quinn retained by RLC, LLC, MGL, Inc., Yadkin Road Auto Partners, LLC, Geen Reed Enterprises, Inc., or GRJ, Inc.

    **RESPONSE:**

3. Produce a copy of the employment file for Michael G. Lallier retained by RLC, Inc., MGL, Inc., or GRJ, Inc.

    **RESPONSE:**

4. Produce copies of any and all correspondence between yourself and Michael G. Lallier regarding the facts set forth in the Quinn Action or the Complaint under Civil Action

    **RESPONSE:**

5. Produce copies of any and all correspondence between yourself and John Quinn regarding the facts set forth in the Quinn Action or the Complaint under Civil Action ▮▮.

   **RESPONSE:**

6. Produce a copy of any employee handbooks for RLC, LLC.

   **RESPONSE:**

7. Produce any correspondence between you and any individual other than your attorneys regarding the facts set forth in the Quinn Action or Civil Action No. ▮▮.

   **RESPONSE:**

8. Copies of any and all recorded, written or otherwise documented statements of attorneys involved in the Quinn Action.

   **RESPONSE:**

9. All documents relied upon in forming the basis for your attorneys' valuation of the Claims contained in the Quinn Action.

   **RESPONSE:**

10. All documents regarding future lost wages of John Quinn relied upon at the time of mediation and settlement of the Quinn Action, or the prior mediation on January 27, 2017.

**RESPONSE:**

11. The complete file of the personal counsel representing Gene Reed and/or Reed Lallier Chevrolet in the Quinn Action.

**RESPONSE:**

12. The complete file of the personal counsel representing Michael Lallier in the Quinn Action.

**RESPONSE:**

13. A privilege log documenting any documents or items withheld, including any opinions in writing of personal counsel to Defendants in the Quinn Action.

**RESPONSE:**

14. Any written recommendations of counsel or other professionals regarding the settlement or value of the claims contained in the Quinn Action.

**RESPONSE:**

15. A copy of any and all releases signed by John Quinn or his spouse releasing Michael Lallier, Gene Reed, or Reed Lallier Chevrolet from any responsibility, including but not limited to the release in ▓▓▓▓▓▓ and the Quinn Action.

**RESPONSE:**

16. A copy of any and all releases settlements of claims or lawsuits that involved allegations regarding Michael G. Lallier and any allegations of misconduct regarding Mr. Lallier in which any of the Defendants were released as parties. If any of these items are subject to a confidentiality clause please list enough identifying information to allow for a court order to provide this information.

**RESPONSE:**

17. Any and all medical records regarding treatment for emotional distress of John Quinn or his spouse made aware to the parties in the Quinn Action at or before the time of settlement.

**RESPONSE:**

18. A copy of the settlement check(s) or proof of wire transfers issued in the Quinn Action for settlement of the claims.

**RESPONSE:**

19. A copy of any and all documentation representing the transfer of property or ownership interest that is referenced and required in the settlement agreement of the Quinn Action.

**RESPONSE:**

20. Any affidavits obtained by Gene Reed, Michael Lallier, Reed-Lallier Chevrolet, their

counsel or agents with regard to John Quinn.

**RESPONSE:**

21. A list of all people present at the mediation which resulted in the settlement of the Quinn Action, and the January 27, 2017 mediation.

**RESPONSE:**

22. Corporate formation documents of Lallier and Quinn Holdings, LLC, and documentation of any property owned by Lallier and Quinn Holdings, LLC.

**RESPONSE:**

23. Corporate formation documents of IMAF-Sandhills, LLC, and documentation of any property owned by IMAF-Sandhills, LLC.

**RESPONSE:**

24. A copy of all demands made by ▓▓▓▓▓▓▓▓▓ the basis for said demands and any settlement documentation of the claims of ▓▓▓▓▓

**RESPONSE:**

25. The complete employment file of ▓▓▓▓▓▓▓▓▓

**RESPONSE:**




26. A copy of any and all pleadings or other documents filed by any party in the John Quinn Action.

    **RESPONSE:**




27. A copy of any documents received or forwarded to you pursuant to a subpoena in the John Quinn Action, regardless of whether the subpoena was served by you.

    **RESPONSE:**




28. Any settlement outlines, power points, spreadsheets, breakdowns or other documentation of settlement demands in the John Quinn Action provided to you by John Quinn, his attorneys, agents or representatives.

    **RESPONSE:**




29. A copy of all information in your possession at the time of settlement of the Quinn Action relevant to:

    a. The first claim for relief, wrongful termination in the Quinn Action;
    b. The second claim for relief, Violation of Article I Section 14 of the N.C. Constitution in the Quinn Action;
    c. The third claim for relief, abuse of process in the Quinn Action;
    d. The fourth claim for relief, Obstruction of Justice in the Quinn Action;
    e. The Fifth claim for relief, Unfair Trade Practices, in the Quinn Action;
    f. The Sixth Claim for relief, Negligent Hiring and Retention in the Quinn Action;
    g. The Seventh Claim for relief, Civil Conspiracy in the Quinn Action;
    h. The Eighth Claim for relief, Vicarious Liability in the Quinn Action;

i. The Ninth Claim for relief, Punitive Damages in the Quinn Action, and
   j. The Tenth Claim for relief, declaratory judgment.

**RESPONSE:**


In lieu of producing the documents at the time to which reference is herein made, the attorneys for the Plaintiff may, at any time prior to the requested date, arrange with the attorneys for the Defendant for the production, inspection and copying of the requested documents.

Respectfully submitted this the ___19___ day of November, 2018.

/s/Camilla F. DeBoard
Camilla F. DeBoard
N.C. State Bar No.: 41265
cfd@trslaw.com
*Attorney for Plaintiff*

OF COUNSEL:

Teague Rotenstreich Stanaland Fox & Holt, P.L.L.C.
Attorneys and Counselors at Law
101 South Elm Street, Suite 350
Post Office Box 1898
Greensboro, North Carolina 27401
Telephone: (336) 272-4810
Facsimile: (336) 272-2448
mgh@trslaw.com

CERTIFICATE OF SERVICE

I hereby certify that on the date as signed below, I served the foregoing Request for Production of Documents to MGL, Inc., by first class U.S. Mail, postage prepaid and addressed as follows:

L.D. Simmons
N.C. State Bar No.: 12554
T. Richmond McPherson, III
N.C. State. Bar No. 41439
201 North Tryon Street, Suite 3000
Charlotte, North Carolina 28202
Email: RMcPherson@mcguirewoods.com
LSimmons@mcguirewoods.com

James G. Middlebrooks
N.C. State Bar. No. 13796
Middlebrooks Law PLLC
6715 Fairview Road Suite C
Charlotte, NC 28210
gil@middlebrooksesq.com

This the 19th day of November, 2018.

Camilla F. DeBoard,
N.C. State Bar No. 41265
cfd@trslaw.com
*Attorney for Plaintiff*

OF COUNSEL:

Teague Rotenstreich Stanaland Fox & Holt, P.L.L.C.
Attorneys and Counselors at Law
101 South Elm Street, Suite 350
Post Office Box 1898
Greensboro, NC 27401
Telephone: (336) 272-4810
Facsimile: (336) 272-2448
E-mail: cfd@trslaw.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>v.<br><br>MICHAEL G. LALLIER, RLC, LLC, d/b/a REED LALLIER CHEVROLET, MGL, INC., GRJ, INC., GENE REED, JR., AND JOHN QUINN,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 7:17-cv-30<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFINITIONS

For the purposes of the below interrogatories, the definitions of the terms contained in the interrogatories are as follows:

1. Whenever the term "John Quinn Action" is used, this is to describe the action entitled *John Doe v. RLC, LLC., et. al,* 17 CVS 841, any claims contained in the pleadings or subsequent filings to the Court.

2. Whenever the term "you" or "yourself" or "Defendant" is used herein, it means the person or entity to whom the interrogatories or request to produce were directed, and all of their agents, attorneys, employees, and representatives.

3. Whenever the term "Defendants" is used herein, it means Michael Lallier, RLC, LLC, MGL, Inc., GRJ, Inc., Gene Reed Jr., and all of their agents, attorneys, employees, and representatives.

4. Whenever the term "document" is used herein, it includes, but is not limited to, writings, charts, graphs, photographs, drawings, x-rays, computer records and any other date compilations from which information can be obtained and translated into usable form.

5. Whenever the term "communication" is used herein, it means the act of communicating and includes, without limitation, oral or written statements, tape recordings, the delivery of any document by one entity to another, gestures, signs, signals, and any other process by which information is exchanged or ideas expressed.

6. Whenever the term "identify," "identity," or "identification" is used with respect to a person, it means to provide such person's full name, present or last known home and business address, present or last known home and business telephone numbers, occupation, job title and current position, if any, with Plaintiff.

7. Whenever the term "identify," "identity," or "identification" is used with respect to a document, it means to describe its subject matter, furnish its title and date, identify its authors, identify each person to whom the document was distributed, identify each custodian of the document, and state its present location.

8. Whenever the term "identify," "identity," or "identification" is used with respect to a communication, it means to state the date and time of the communication, identify each person who witnessed, overheard, or was a party to, the communication, state the precise location of each person at the time of the communication, state the content of the communication, and to identify any documents, including tape recordings, that relate to the communication.

9. If a requested document was, but is no longer in your possession or subject to your control, state what disposition was made of the document, and identify the person or entity currently possessing the document.

10. If you claim a privilege in any requested document, please identify the document to which the privilege is claimed, the privilege claimed (together with such facts as will enable a Court to rule on the merits of the claim of privilege), and produce any portion of the document which is not privileged.

11. These interrogatories and requests for production shall be deemed continuing and call for supplementary responses in the event new or additional information or documents are acquired.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT MGL, INC.**

COMES NOW the Plaintiff, by and through counsel and pursuant to Rules 26 and 33 of Federal Rules of Civil Procedure, and hereby requests that the Defendant MGL,Inc., answer under oath the following Interrogatories:

1. State the full name and present address of all persons answering these discovery

responses.

**ANSWER:**

2. Please state your relationship, including ownership, control, and position held in RLC, LLC d/b/a Reed Lallier Chevrolet, MGL, Inc., and GRJ, Inc.

**ANSWER:**

3. State the relationship between RLC, LLC d/b/a Reed Lallier Chevrolet, Michael G. Lallier, MGL, Inc., and GRJ, Inc., including all ownership interests, control, and title held by each individual and/or corporation as they relate to each other.

**ANSWER:**

4. Please state how you know John Quinn, his dates of employment with RLC, LLC d/b/a Reed Lallier Chevrolet, his date of termination with RLC, LLC d/b/a Reed Lallier Chevrolet, and each position held with RLC, LLC.

**ANSWER:**

5. Please identify by name, telephone number, and address each individual you believe or claim to have knowledge of the facts in the lawsuits captioned as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Civil Action No. ▮▮▮▮▮▮▮ and John Doe v. RLC, LLC d/b/a Reed Lallier Chevrolet, Michael G. Lallier, MGL, Inc., Gene Reed, Jr., and GRJ, Inc., Civil Action No. ▮▮▮▮▮.

**ANSWER:**

6. Identify the circumstances surrounding the decision to terminate John Quinn's employment, who made the decision to terminate John Quinn's employment, and on what basis John Quinn was terminated from employment with RLC, LLC.

**ANSWER:**

7.  What is your understanding of the damages alleged by John Quinn in the John Quinn Action, and on which of these alleged damages did you make payment on in your settlement of the underlying John Quinn Action?

**ANSWER:**


8.  What was your control and interaction with dealership operations on a daily basis at the dealership known as Reed Lallier Chevrolet?

**ANSWER:**


9.  What, if any, actions did you take to discourage John Quinn to participate in the criminal prosecution of Michael G. Lallier?

**ANSWER:**


10. On what basis did you decide to retain Michael G. Lallier as an employee of the corporate Defendants while terminating John Quinn?

**ANSWER:**


11. State any and all actions taken by you, or taken at your direction, as it relates to the ███████████████████████████████████████████████████████████████ and the John Quinn Action?

**ANSWER:**


12. Identify any and all conversations you had with John Quinn regarding his knowledge of the facts in the underlying civil action under Civil Action No. ███████ or the John Quinn

Action?

**ANSWER:**



13. When did you first become aware of the criminal allegations against Michael G. Lallier as it relates to the facts in the Court action ███████?

**ANSWER:**



14. Identify any and all conversations you have had with Michael G. Lallier regarding the facts of the underlying tort lawsuits as it relates to the decision to terminate John Quinn.

**ANSWER:**



15. List the settlement demands and dates you received from John Quinn and ███████ and the medium in which these demands were forwarded to you. In this list please also identify the representative or agent that received the demand for settlement.

**ANSWER:**



16. List any prior settlements of claims or lawsuits that involved allegations regarding Michael G. Lallier and any allegations of misconduct regarding Mr. Lallier in which any of the Defendants were released as parties. If any of these items are subject to a confidentiality clause please list enough identifying information to allow for a court order to provide this information.

**ANSWER:**



17. Do you intend to use the opinions of your counsel involved in the John Quinn Action in support of your claims for breach of contract and/or damages? If so, identify the opinions of

the attorneys involved in the defense of the John Quinn Action with regard to the value of each claim contained in the Complaint. listing the attorney by name and their opinions.

    **ANSWER:**

18.    List the offers and demands at the mediations in January 27, 2017 and February 27, 2017 with regard to John Quinn, ███████ and the John Quinn Action.

    **ANSWER:**

19.    List all individuals present at mediation on January 27, 2017.

    **ANSWER:**

20.    List all individuals present at mediation on February 27, 2017.

    **ANSWER:**

21.    List all information provided to Plaintiff prior to January 27, 2017 regarding claims for damages made by ███████████████ and/or John Quinn.

    **ANSWER:**

22.    List all information provided to Plaintiff between January 27 and February 27, 2017 regarding claims for damages made by ███████ and John Quinn.

    **ANSWER:**

23.     Identify the notice of claim given to Plaintiff including the information provided and the date and method of notification.

**ANSWER:**


24.     Identify the specific information known to you regarding the subsequent employment of John Quinn after his termination, including dates and location of new employment and salary structure if applicable, and the date you became aware of such information.

**ANSWER:**


25.     Identify and describe the business purpose owners and employees of IMAF-Sandhills, LLC and Lallier and Quinn Holdings, LLC, and any property owned by them.

**ANSWER:**


26.     Identify all factual information and documents that you had at the time of settlement of the Quinn Action with regard to :

        a. The first claim for relief, wrongful termination in the Quinn Action;
        b. The second claim for relief, Violation of Article I Section 14 of the N.C. Constitution in the Quinn Action;
        c. The third claim for relief, abuse of process in the Quinn Action;
        d. The fourth claim for relief, Obstruction of Justice in the Quinn Action;
        e. The Fifth claim for relief, Unfair Trade Practices, in the Quinn Action;
        f. The Sixth Claim for relief, Negligent Hiring and Retention in the Quinn Action;
        g. The Seventh Claim for relief, Civil Conspiracy in the Quinn Action;
        h. The Eighth Claim for relief, Vicarious Liability in the Quinn Action;
        i. The Ninth Claim for relief, Punitive Damages in the Quinn Action, and
        j. The Tenth Claim for relief, declaratory judgment.

**ANSWER:**

Respectfully submitted this the 19 day of November, 2018.

                                                    Camilla F. DeBoard
                                                  N.C. State Bar No.: 41265
                                                  cfd@trslaw.com
                                                  *Attorney for Plaintiff*

OF COUNSEL:

Teague Rotenstreich Stanaland Fox & Holt, P.L.L.C.
Attorneys and Counselors at Law
101 South Elm Street, Suite 350
Post Office Box 1898
Greensboro, North Carolina 27401
Telephone: (336) 272-4810
Facsimile: (336) 272-2448
cfd@trslaw.com

CERTIFICATE OF SERVICE

I hereby certify that on the date as signed below, I served the foregoing Interrogatories to MGL, Inc., by first class U.S. Mail, postage prepaid and addressed as follows:

L.D. Simmons
N.C. State Bar No.: 12554
T. Richmond McPherson, III
N.C. State. Bar No. 41439
201 North Tryon Street, Suite 3000
Charlotte, North Carolina 28202
Email: RMcPherson@mcguirewoods.com
LSimmons@mcguirewoods.com

James G. Middlebrooks
N.C. State Bar. No. 13796
Middlebrooks Law PLLC
6715 Fairview Road Suite C
Charlotte, NC 28210
gil@middlebrooksesq.com

This the 19th day of November, 2018.

Camilla F. DeBoard,
N.C. State Bar No. 41265
cfd@trslaw.com
*Attorney for Plaintiff*

OF COUNSEL:

Teague Rotenstreich Stanaland Fox & Holt, P.L.L.C.
Attorneys and Counselors at Law
101 South Elm Street, Suite 350
Post Office Box 1898
Greensboro, NC 27401
Telephone: (336) 272-4810
Facsimile: (336) 272-2448
E-mail: cfd@trslaw.com