IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:17-CV-30-D

| | |
|---|---|
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL G. LALLIER, et al., )<br>)<br>Defendants. ) | **ORDER** |

This case comes before the court on the motion (D.E. 57) by defendants Michael G. Lallier; RLC, LLC d/b/a Reed Lallier Chevrolet; MGL, Inc.; GRJ, Inc.; and Gene Reed, Jr. (collectively "defendants") to seal five exhibits (D.E. 53-1 through 53-5) filed in support of their motion (D.E. 52) for entry of a protective and confidentiality order. The motion to seal is supported by a memorandum (D.E. 58). No opposition to the motion has been filed by plaintiff Universal Underwriters Insurance Company ("plaintiff"), and the time for doing so has expired. For the reasons set forth below, the court will allow the motion.

## DISCUSSION

The Fourth Circuit has directed that before sealing publicly filed documents the court must determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Doe v. Public Citizen*, 749 F.3d 246, 265-66 (4th Cir. 2014); *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended to only certain judicial records and documents, for example, those filed in

connection with a summary judgment motion. *Doe*, 749 F.3d at 267. Here, the exhibits relate to a motion for a protective order, and not a motion that seeks dispositive relief. Therefore, the right of access at issue arises under the common law. *See Covington v. Semones*, No. 7:06cv00614, 2007 WL 1170644, at *2 (W.D. Va. 17 April 2007) ("In this instance, as the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access.").

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

Here, defendants seek the sealing of the five exhibits because they contain confidential information relating to a non-party minor. Defendants contend that sealing the exhibits is needed to preserve the minor's privacy. Redacted versions of the exhibits which protect the minor's privacy have been filed at Docket Entry 56. The court agrees that material is of a confidential nature. It therefore finds that the presumption of access has been overcome.

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight Publishing Co.*, 743 F.2d at 235. Here, the motion was filed on 4 January 2019. No opposition to the motion has been filed by any party or non-party despite a reasonable opportunity to do so.

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* Because, as discussed, the exhibits contain confidential information relating to a non-party minor and redacted versions of them have been filed, the court finds that alternatives to sealing the unredacted exhibits do not exist at the present time.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that defendants' motion (D.E. 57) to seal is ALLOWED. The Clerk is DIRECTED to permanently seal Docket Entries 53-1 through 53-5 in accordance with Local Civil Rule 79.2, E.D.N.C., except as may otherwise in the future be ordered by the court.

This __6__ day of March 2019.

_____
James E. Gates
United States Magistrate Judge